**Electronically Filed
Intermediate Court of Appeals
CAAP-18-0000816
08-MAR-2021
07:53 AM
Dkt. 79 SO**

NO. CAAP-18-0000816

IN THE INTERMEDIATE COURT OF APPEAL
OF THE STATE OF HAWAI'I

STATE OF HAWAII, Plaintiff-Appellee,
v.
KARL L. FORSTER, Defendant-Appellant

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CASE NO. 1PC161001251)

### SUMMARY DISPOSITION ORDER
By: Hiraoka, Presiding Judge, Wadsworth and Nakasone, JJ.)

Defendant-Appellant Karl L. Forster (**Forster**) appeals from the October 2, 2018 Judgment of Conviction and Sentence for Manslaughter in violation of Hawaii Revised Statutes (**HRS**) § 707-702 (2014),[1] entered by the Circuit Court of the First Circuit (**Circuit Court**) following a jury trial on the charge of Murder in the Second Degree.[2] Forster was sentenced to a twenty-year term of imprisonment.

On appeal, Forster contends that the Circuit Court's substituted jury instructions (1.1, 1.2, 1.3, 1.4, 1.7, 2.1A,

---

[1] At the time of the offense, HRS § 707-702 (1)(a) provided that, "A person commits the offense of manslaughter if: (a) The person recklessly causes the death of another person[.]" Manslaughter is a class A felony. Id.

[2] The Honorable Todd W. Eddins presided.

1

2.2, and 2.4)[3] presented in lieu of Hawaiʻi Pattern Jury Instructions - Criminal (**HAWJIC**) instructions, taken as a whole, were "prejudicially insufficient, erroneous, inconsistent, and misleading," denying Forster's constitutional rights to due process and a fair trial.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant statutory and case law, we conclude Forster's appeal is without merit.

> When jury instructions or the omission thereof are at issue on appeal, the standard of review is whether, when read and considered as a whole, the instructions given are prejudicially insufficient, erroneous, inconsistent, or misleading. Erroneous instructions are presumptively harmful and are a ground for reversal unless it affirmatively appears from the record as a whole that the error was not prejudicial. Error is not to be viewed in isolation and considered purely in the abstract. It must be examined in the light of the entire proceedings and given the effect which the whole record shows it to be entitled. In that context, the real question becomes whether there is a reasonable possibility that error might have contributed to conviction. If there is such a reasonable possibility in a criminal case, then the error is not harmless beyond a reasonable doubt, and the judgment of conviction on which it may have been based must be set aside.

State v. Nichols, 111 Hawaiʻi 327, 334, 141 P.3d 974, 981 (2006) (brackets omitted) (quoting State v. Gonsalves, 108 Hawaiʻi 289, 292-93, 119 P.3d 597, 600-01 (2005) (citations omitted)).

This court considered a similar claim of error involving a substituted HAWJIC instruction in the recent case of State v. Char, No. CAAP-19-0000540, 2020 WL 7028600, (App. Nov. 30, 2020) (SDO). As we set forth in Char,

> The United States Supreme Court has explained that "the Constitution does not require that any particular

---

[3]     Substituted jury instructions 1.5 ("Direct and Circumstantial Evidence; Weight of the Evidence") and 1.6 ("Credibility of Witnesses") were included in the point of error, then subsequently withdrawn in the Argument Section of the Opening Brief (**OB**). Accordingly, we do not address these instructions.

> form of words be used in advising the jury of the government's burden of proof[,]" so long as "taken as a whole, the instructions . . . correctly convey the concept of reasonable doubt to the jury." <u>Victor v. Nebraska</u>, 511 U.S. 1, 5 (1994) (brackets omitted) (quoting <u>Holland v. United States</u>, 348 U.S. 121, 140 (1954)). Likewise, the Hawaiʻi Supreme Court has stated: "It is well settled that jury instructions are to be viewed as a whole." <u>State v. Sawyer</u>, 88 Hawaiʻi 325, 335, 966 P.2d 637, 647 (1998) (citing <u>State v. Cullen</u>, 86 Hawaiʻi 1, 8, 946 P.2d 955, 962 (1997)). The court also has made clear that "the duty to properly instruct the jury lies with the trial court," <u>State v. Nichols</u>, 111 Hawaiʻi 327, 335, 141 P.3d 974, 982 (2006), and deviation from HAWJIC "does not automatically result in incomplete and confusing jury instructions." <u>Sawyer</u>, 88 Hawaiʻi at 335, 966 P.2d at 647 (rejecting the defendant's argument that "deviation from HAWJIC is prejudicial *per se*" and noting "[t]he introduction to the instructions clearly states that 'nothing herein shall be construed as an approval by the Supreme Court of the State of Hawaiʻi of the substance of any of said instructions.'" (brackets omitted) (quoting HAWJIC (1991))).

<u>Char</u>, 2020 WL 7028600, at *3.

In this case, the Circuit Court explained its use of alternative instructions in lieu of HAWJIC, as follows:

> THE COURT: We've provided copies of the draft jury instructions to counsel. There's also Appendix A that we'll file, and generally speaking, Appendix A sets forth the rationale behind why I've crafted some of the instructions the way I've crafted them and with particular highlighting of Instruction 1.2, which is the presumption of innocence and reasonable doubt instruction.
>
> For the most part, generally speaking, I've modified all of the HAWJIC instructions in an attempt to make them more easily understandable to the jury, to eliminate superfluous phrases, to make things more understandable in lay person's language, and the principles in all the HAWJIC instructions are all incorporated in these instructions. I've referenced them in the various instructions.

Forster objected to all of the Circuit Court's substituted HAWJIC instructions below, and challenges some of the instructions in this appeal. We address Forster's contentions as follows.

### 1.1, "Duty of Jury to Find Facts and Follow Law"

Forster contends that the second paragraph of 1.1 should have read as follows:

> You are the <u>exclusive</u> judges of the facts of this case.

3

> It is your duty to weigh and to evaluate all the evidence received in the case and, in the process, to decide the facts <u>(i.e., what happened)</u>. In other words, <u>based on the evidence presented to you</u>, you must <u>determine</u> [~~find from the evidence~~] what the facts are.

(Underscoring, brackets and strikethroughs in original in the OB.) Forster's changes are underscored for additions, and bracketed with strikethroughs for deletions. Forster claims this paragraph is insufficient for failing to inform the jury that they are the "exclusive" judges of all questions of fact and the credibility of witnesses, citing Hawai'i Rules of Evidence (**HRE**) Rule 1102, which requires the trial court to inform the jury that they are the "exclusive" judges of those issues. This argument is without merit. 1.1 clearly informs the jury that they are the "judges of the facts" of the case, and reading the instructions as a whole, there is nothing to suggest that the jury was misled to believe otherwise.

Forster also contends that paragraphs 4, 5, and 6 of 1.1 should have read as follows:

> You must decide the case solely on the evidence<u>, such inferences therefrom as may be justified by reason and common sense,</u> and the law. You must not be influenced by any personal likes or dislikes, <u>pity or sympathy for the defendant, or passion or</u> prejudice <u>against the defendant</u>[~~, passion, pity or sympathy~~]. The oath that you took at the beginning of the case demands [~~of~~] <u>that</u> you <u>render</u> a just verdict <u>by conscientiously and dispassionately considering and weighing all of</u> [~~unaffected by anything except~~] the evidence, <u>exercising</u> your reason and common sense, and <u>applying</u> the law as I give it to you.
>
> In following my instructions, you must consider all the instructions as a whole and consider each instruction in the light of <u>all</u> the others. Do not single out <u>any word, phrase, sentence, or</u> [~~some~~] instruction[~~s~~] and ignore the others; they are all important. <u>Do not give greater emphasis to any word, phrase, sentence or instruction simply because it is repeated in these instructions.</u>
>
> You must not read into these instructions, or into anything I [~~may~~] have said or done during the trial<u>,</u> [~~as indicating~~] <u>an indication</u> that I have an opinion about <u>what facts were established by</u> the evidence, <u>which witnesses were credible,</u> or [~~belief as to~~] what verdict you should return -- [~~that is a~~] <u>those</u> matter<u>s are</u> entirely up to you.

This argument is also without merit. The inserted language, "such inferences therefrom as may be justified by reason and

common sense," is repetitive and unnecessary due to similar language in 1.3 ("In considering the evidence, you may draw reasonable inferences from the testimony and exhibits that you feel are justified.  In other words, you may make deductions and reach conclusions that reason, logic, and common sense lead you to draw from the facts which have been established by the evidence.").  Forster's suggested rephrasing of the "passion, pity or sympathy" language, the requested insertion of the "conscientiously and dispassionately" language, and the admonition regarding not singling out certain instructions – are not necessary because 1.1 already conveyed these admonitions to the jury.  Finally, Forster's requested additional language in the last paragraph to more explicitly state that what was meant by "evidence," to include "what facts were established" and "which witnesses were credible," was not necessary, as 1.3 explained to the jury what was meant by "evidence."[4]  Viewing the instructions as a whole, the challenged 1.1 was not "incomplete or confusing," Sawyer, 88 Hawaiʻi at 335, 966 P.2d at 647, and not "prejudicially insufficient, erroneous, inconsistent or misleading."  Nichols, 111 Hawaiʻi at 334, 141 P.3d at 981.

      1.2, "Presumption of Innocence, Reasonable Doubt"

      Forster contends that the Circuit Court erred in substituting 1.2 on the presumption of innocence and reasonable doubt, in lieu of HAWJIC 3.02.[5]  1.2 instructed the jury as

---

[4]      1.3 pertinently stated, "The evidence from which you are to decide what the facts are consist **[sic]** of the following: 1.  The under oath testimony of witnesses, both on direct and cross examination, regardless of who called the witness; 2.  The exhibits that have been received into evidence."  1.1 correctly conveyed the jury's duty to them.

[5]      HAWJIC 3.02 states:

      You must presume the defendant is innocent of the charge against him/her.  This presumption remains with the defendant throughout the trial of the case, unless and until the prosecution proves the defendant guilty beyond a reasonable doubt.

      The presumption of innocence is not a mere slogan but an essential part of the law that is binding upon you.  It places upon the

follows:

> It is a cardinal principle of our system of justice that a person accused of a crime is presumed not to have committed the crime. Karl Forster is presumed innocent unless you conclude that his guilt has been established beyond a reasonable doubt.
>
> The presumption of innocence requires the Prosecution to prove every element of the offense charged against Karl Forster beyond a reasonable doubt. He does not have to prove anything.
>
> The phrase "reasonable doubt" does not have a technical or complicated meaning. A reasonable doubt is exactly what it is, a doubt that is reasonable. You must use your common sense and the rational faculties and logical processes of your mind to determine whether you have a doubt that is reasonable.
>
> All doubts are not reasonable. A fanciful, imaginary, or purely speculative doubt is not a reasonable doubt. A doubt based upon sympathy or prejudice is also not a reasonable doubt.

---

prosecution the duty of proving every material element of the offense charged against the defendant beyond a reasonable doubt.

You must not find the defendant guilty upon mere suspicion or upon evidence which only shows that the defendant is probably guilty. What the law requires before the defendant can be found guilty is not suspicion, not probabilities, but proof of the defendant's guilt beyond a reasonable doubt.

What is reasonable doubt?

It is a doubt in your mind about the defendant's guilt which arises from the evidence presented or from the lack of evidence and which is based upon reason and common sense.

Each of you must decide, individually, whether there is or is not such a doubt in your mind after careful and impartial consideration of the evidence.

Be mindful, however, that a doubt which has no basis in the evidence presented, or the lack of evidence, or reasonable inferences therefrom, or a doubt which is based upon imagination, suspicion or mere speculation or guesswork is not a reasonable doubt.

What is proof beyond a reasonable doubt?

If, after consideration of the evidence and the law, you have a reasonable doubt of the defendant's guilt, then the prosecution has not proved the defendant's guilt beyond a reasonable doubt and it is your duty to find the defendant not guilty.

If, after consideration of the evidence and the law, you do not have a reasonable doubt of the defendant's guilt, then the prosecution has proved the defendant's guilt beyond a reasonable doubt and it is your duty to find the defendant guilty.

A reasonable doubt is a doubt based on your reason and common sense.  It arises from the evidence, a lack of evidence, and the reasonable inferences that emerge.  Through reason you must decide whether your mind is free or not free of a reasonable doubt.

Proof beyond a reasonable doubt is a very high standard for the Prosecution to satisfy.  However, the Prosecution's heavy burden does not mean it must prove the elements of a crime beyond all possible doubt or to an absolute certainty.  You must not base your decision on a proposition that anything is possible or nothing is certain.

If, after fair and impartial consideration of all the evidence and the law, you do not have a reasonable doubt of Karl Forster's guilt, then the Prosecution has proved his guilt beyond a reasonable doubt and it is your duty to find Karl Forster guilty.

On the other hand, if, after fair and impartial consideration of all the evidence and the law, you have a reasonable doubt of Karl Forster's guilt, then the Prosecution has not proved his guilt beyond a reasonable doubt and it is your duty to find Karl Forster not guilty.

Forster first challenges the Circuit Court's omission of the HAWJIC 3.02 language, "the presumption of innocence is not a mere slogan but an essential part of the law that is binding upon you."  Forster contends an explicit instruction that the presumption of innocence is the "critical starting point" for the jury's consideration of the evidence was necessary.  Forster also objects to the omission of paragraph 3[6] of HAWJIC 3.02, and to Paragraphs 3, 4, and 5 of 1.2, which all concern reasonable doubt.

This court considered and rejected similar challenges to an identically worded instruction in Char, 2020 WL 7028600, at *2-5.  In this case, 1.2 included the following:  "It is a cardinal principle of our system of justice that a person accused of a crime is presumed not to have committed the crime.  Karl Forster is presumed innocent unless you conclude that his guilt has been established beyond a reasonable doubt."  The Circuit Court also instructed:  "The presumption of innocence requires

---

[6]    Omitted HAWJIC Paragraph 3 states:  "You must not find the defendant guilty upon mere suspicion or upon evidence which only shows that the defendant is probably guilty.  What the law requires before the defendant can be found guilty is not suspicion, not probabilities, but proof of the defendant's guilt beyond a reasonable doubt."  HAWJIC 3.02, quoted supra note 5.

7

the Prosecution to prove every element of the offense charged against Karl Forster beyond a reasonable doubt. He does not have to prove anything." In addition, the Circuit Court instructed: "Proof beyond a reasonable doubt is a very high standard for the Prosecution to satisfy." In paragraphs 3 and 4, the Circuit Court explained the phrase "reasonable doubt," and further stated that a doubt that was "fanciful, imaginary, or purely speculative," or "based upon sympathy or prejudice" was not a reasonable doubt. In paragraph 5, the Circuit Court instructed that a reasonable doubt is one "based on your reason and common sense," arising from "the evidence, a lack of evidence, and the reasonable inferences that emerge." Viewing the Circuit Court's instructions as a whole, we conclude that the court correctly conveyed the concepts of the presumption of innocence and reasonable doubt, and sufficiently conveyed the importance of these concepts. See Victor, 511 U.S. at 5; Sawyer, 88 Hawaiʻi at 335, 966 P.2d at 647.

Forster further argues that the challenged instruction may be erroneous because, in its last two paragraphs, the "instruction for finding the defendant guilty comes before the instruction to find him not guilty, and their order should be reversed" as it is in HAWJIC 3.02. He asserts that "maintaining the order of 'not guilty' before 'guilty' comports with the presumption of innocence principle." And he maintains that placing the "guilty instruction" first "constitutes a subliminal message in support of a presumption of guilt and undermines the requirement of proof beyond a reasonable doubt."

Forster does not cite any Hawaiʻi authority to support this argument, and we have found none. In Char, 2020 WL 7028600 *4, we rejected this argument, noting that courts in other jurisdictions have rejected similar claims regarding the order in which "guilty" and "not guilty" have appeared on verdict forms. See e.g., Rowland v. State, 829 S.E.2d 81, 89 (Ga. 2019) ("Nor did the order in which 'guilty' and 'not guilty' were listed on the verdict form, when viewed in light of the rest of the court's

8

instructions, mislead the jury."); Commonwealth v. Pi Delta Psi, Inc., 211 A.3d 875, 888 Pa. Super.), appeal denied, 221 A.3d 644 (Pa. 2019) (concluding that a verdict slip that listed "Guilty" before "Not Guilty" "did not infringe upon the [defendant's] right of presumed innocence" and, thus, "no Due Process violation occurred, and no appellate relief is due"); State v. Hayes, 462 P.3d 1195, 1207 (Kan. Ct. App. 2020) ("The district court did not err by placing the guilty option above the not guilty option in the verdict form given to the jury."). Forster's challenge to 1.2 on this ground, is without merit.

Forster's final objection to 1.2 is the omission of HAWJIC 3.02 paragraph 6, which instructs that each juror must "individually" decide whether there was reasonable doubt after "careful and impartial consideration of the evidence." However, the Circuit Court did include this language at the end of its instructions, regarding jury deliberations:

> Each of you must decide the case for yourself, but you should do so only after you've considered all the evidence, discussed the evidence fully with the other jurors, and listened to the views of all the other jurors. It is your duty to approach your decision with open minds. . . .
>
> . . . .
>
> Your verdict must arise from your conscientious review of the facts and the law, the application of your reason and common sense, and your recognition of the importance of the oath you took as a juror to try this case fairly, impartially, and honorably.

Viewing the instructions as a whole, the challenged 1.2 was not "incomplete or confusing", Sawyer, 88 Hawaiʻi at 335, 966 P.2d at 647, and not "prejudicially insufficient, erroneous, inconsistent or misleading." Nichols, 111 Hawaiʻi at 334, 141 P.3d at 981.

### Remaining Instructions 1.3, 1.4, 1.7, 2.1A, 2.2, and 2.4

Forster does not provide substantive objections or specific authority as to the remainder of the instructions he includes in his point of error, and instead provides suggestions as to how the language could be improved, by underscoring

language he believes should be added, and bracketing and striking through language he believes should be removed.

As to 1.3 ("What is Evidence"), Forster has "no objections to the substance" but offers two suggestions. We do not address suggestions on appeal.

As to 1.4 ("What is Not Evidence"), Forster explains that his suggested edits are for "clarification"; Forster also contends that the jury must be told that they will not be given written copies of the preliminary instructions that the Circuit Court gave, and argues that the preliminary instruction regarding objections and rulings on objections was only given verbally and should have also been in writing. These are only generalized complaints about the form of instructions to the jury, and no prejudicial error or insufficiency is identified.

As to 1.7 ("Witnesses"), Forster contends that the language of the corresponding HAWJIC should have been used, because they "'flow' better and are more understandable[.]" No prejudicial error or insufficiency is identified.

As to 2.1A ("Defendant's Fifth Amendment Invocation at Trial"), Forster suggests his own edited language and also contends that the following language, again with his own suggested edits, was harmfully omitted from 2.1A:

> Karl Forster also has a constitutional right not to present any evidence. You must not draw any inference of guilt, or any [unfavorable inference] inference unfavorable to him because he [decided] did not [to] present any evidence in this trial. You must not comment, discuss, or consider this decision in your deliberations.

(Strikethroughs, brackets, and underscoring in original from the OB.) The Circuit Court, however, did adequately instruct the jury, as follows: "Karl Forster has no duty or obligation to present any evidence or call any witnesses[,]" and also instructed that:

> Karl Forster has a constitutional right not to testify. You must not draw any inference of guilt or any inference unfavorable to him because he decided not to

10

> testify in this trial.  You must not comment, discuss, or consider this decision in your deliberations.

There was no prejudicial error or  omission as Forster contends.

As to 2.2 ("Defendant's Statements"), Forster suggests a series of modifications, explains that the instruction was confusing due to a compound question, and claims that the instruction improperly asked the jury to speculate about whether Forster "clearly express[ed] what he intended to say."  This is a misreading of the Circuit Court's language; the instruction did not invite or instruct the jury to speculate.  Aside from the complaint of speculation, no other prejudicial error or insufficiency is identified.

As to 2.4 ("Expert Testimony"), Forster objects to the Circuit Court's phrasing as "'legalese-y' and vague" and proposes his own modification.  No prejudicial error or  insufficiency is identified.

As set forth above, with a couple of noted exceptions, Forster's suggestions on the remaining challenged instructions in his point of error are non-substantive and stylistic in nature, with no reliance on any specific legal authority.  In Forster's argument section, Forster only relies on general principles from State v. Kupau, 76 Hawaiʻi 387, 395, 879 P.2d 492, 500 (1994), regarding the duty of the trial court to instruct the jury in a "clear and intelligent manner," so that the jury has a "clear and correct understanding of what it is they are to decide[.]"  The record as a whole reflects that the Circuit Court instructed the jury in a clear and intelligent manner, and the jury was given a clear and correct understanding of their duties, and what they were to decide.  See Kupau, 76 Hawaiʻi at 395, 879 P.2d at 500. Viewing the instructions as a whole, the challenged 1.3, 1.4, 1.7, 2.1A, 2.2, and 2.4 were not "incomplete or confusing," Sawyer, 88 Hawaiʻi at 335, 996 P.2d at 647, and not "prejudicially insufficient, erroneous, inconsistent or misleading."  Nichols, 111 Hawaiʻi at 334, 141 P.3d at 981.

The standard of review that we must apply is not

whether individual instructions could be improved from Forster's point of view, but whether the instructions when read and considered as a whole, are prejudicially insufficient, erroneous, inconsistent, or misleading.  See id.  Although the Circuit Court deviated from HAWJIC, the substituted jury instructions, when considered as a whole, were not erroneous.

For these reasons, we affirm the Judgment of Conviction and Sentence, and Notice of Entry, and the Mittimus, Warrant of Conviction, entered on October 2, 2018, in the Circuit Court of the First Circuit.

DATED:  Honolulu, Hawaiʻi, March 8, 2021.

On the briefs:                          /s/ Keith K. Hiraoka
                                        Presiding Judge
Phyllis J. Hironaka
Deputy Public Defender                  /s/ Clyde J. Wadsworth
for Defendant-Appellant                 Associate Judge

Chad Kumagai                            /s/ Karen T. Nakasone
Deputy Prosecuting Attorney             Associate Judge
for Plaintiff-Appellee

12